UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | **Criminal No. 08-10337-RGS** |
| **1. BALDWIN IHENACHO, et al.,** | ) ) ) | |
| **Defendants** | ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BALDWIN IHENACHO'S
MOTION TO WAIVE PRESENCE AT ARRAIGNMENT**

Now comes the United States of America and opposes the Motion of the Defendant Baldwin Ihenacho to waive his presence at arraignment and requests the Court to deny the Motion because Fed. R. Crim. P. 10 and 43 read together establish a general requirement that the defendant must be present in court at arraignment, as well as other stages of the criminal proceedings. Although, in appropriate circumstances, Fed. R. Crim. P. 10(b) may allow this important requirement to be waived, it is subject to the approval of the Court. The factors set forth by the Defendant in his motion do not set forth appropriate reasons to waive the defendant's presence at his arraignment. Rather, based upon the serious nature of the criminal charges pending against the Defendant, as well as his prior history and conduct in this case, his presence should be required at arraignment. In support of this Opposition, the Government states as follows:

**I.    The Legal Framework:**

Federal Rule of Criminal Procedure 43 ("Rule 43") requires a defendant's presence during: "(1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." Fed. R. Crim. P.

43(a). A defendant need not be present when it is an organizational defendant; the defendant is charged with a misdemeanor; the proceeding is a conference or hearing on a legal question or involves the correction or reduction of a sentence. Fed. R. Crim. P. 43(b).

As a general matter, Rules 43 and 10 are read together to require that a defendant be physically present at the arraignment. *See Valenzuela-Gonzalez v. U.S. Dist. Court for Dist. of Arizona*, 915 F.2d 1276, 1280 (9th Cir. 1990); *In re United States*, 784 F.2d 1062, 1063 (11th Cir.1986)(Rule 43 does more than establish a defendant's right to be present; it sets a requirement). Until the 2002 amendments to the Criminal Rules, there appeared to be few exceptions to this requirement in felony cases. *United States v. Christopher*, 700 F.2d 1253, 1261–1262 (9th Cir. 1983), *cert. denied* 461 U.S. 960. In 2002, however, two exceptions were added to the rule. Rule 10(b) was added to allow defendants to waive their appearance at the arraignment and Rule 10(c) was added to permit arraignments to be held by video-teleconferencing, which was not previously permitted. *See Valenzuela-Gonzalez v. U.S. Dist. Court for Dist. of Arizona*, 915 F.2d 1276, 1280 (9th Cir. 1990)(arraignment by closed-circuit television violated rules requiring that district court arraign accused face-to-face with accused physically present in courtroom, absent showing that procedure was necessary as opposed to convenient).

The defendant's right to waive his appearance at the arraignment is qualified in several respects. First, the defendant must have been charged by indictment or by misdemeanor information. Second, the waiver must be in writing, signed by both defendant and defense counsel, and must affirm that the defendant has received a copy of the indictment or information and is pleading not guilty. Third, defendant's attempt to waive appearing at the arraignment is

subject to court approval. Thus, Rule 10(b) is permissive; a defendant has the right to waive being present at arraignment if he or she wishes, but the Court is not required to grant the request.

Finally, Rule 10(c) permits a court to use video-teleconferencing to arraign a defendant.[1] But the Advisory Committee Notes set forth some concerns about the practice. In some districts the benefits of the practice are obvious. It is both costly and logistically difficult to move large numbers of accused inmates back and forth to court, particularly if the distance is great, for a proceeding that might be relatively brief. On the other hand, there are risks in eliminating the face-to-face nature of the traditional arraignment. As the Advisory Committee put it:

> The setting [of the teleconferencing] itself may not promote the public's confidence in the integrity and solemnity of a federal criminal proceeding; that is the view of some who have witnessed the use of such proceedings in some state jurisdictions. **While it is difficult to quantify the intangible benefits and impact of requiring a defendant to be brought before a federal judicial officer in a federal courtroom, the Committee realizes that something is lost when a defendant is not required to make a personal appearance.**

(Emphasis added). The Committee also recognized the risks that defendant might find it harder to have a confidential consultation with counsel if the two are in different locations. The Advisory Committee also observed that it might be appropriate for a court to refuse to permit a waiver when, for example, "the court wishes to discuss substantive or procedural matters in conjunction with the arraignment and the court believes that the defendant's presence is important in resolving those matters." The Advisory Committee noted that, "[i]t might also be appropriate to reject a requested waiver where an attorney for the government presents reasons

---

[1] The defendant here is not asking to be arraigned by video-teleconferencing.

for requiring the defendant to appear personally." See 2002 Advisory Committee Notes to Rule 10.  Finally, the court may have a harder time assessing the defendant's physical and mental condition *via* teleconference, factors that might have a bearing on issues such as competency and pretrial release.  It is due to each of these risks that the defendant must consent and the court must approve any waiver of the defendant's presence at arraignment, even when using video-teleconferencing for an arraignment. *Id.*  The Committee's concerns expressed above were in the context of an arraignment being done *via* video-teleconferencing.  Here, the defendant hasn't asked for video-teleconferencing but asks to absent himself completely. The Court's concern should be heightened.  The Defendant's request should be denied.

## II.    Relevant Procedural Background:

### A.    The Seriousness of the Charges:

Baldwin Ihenacho is charged in the Third Superseding Indictment with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances (21 U.S.C. § 846); Distribution of Controlled Substances (21 U.S.C. 841(a)(1)); Conspiracy to Distribute Misbranded Drugs While Held for Sale in Interstate Commerce (18 U.S.C. § 371);  Distributing Misbranded Drugs While Held for Sale in Interstate Commerce (21 U.S.C. § 331(k)); Conspiracy to commit International Money Laundering (18 U.S.C. § 1956(h)); International Money Laundering (18 U.S.C. § 1956(a)(2)); and Operating a Continuing Criminal Enterprise ("CCE")(21 U.S.C. § 848).  As a result of the CCE charge, if convicted of that offense the defendant faces a mandatory/minimum sentence of twenty years in prison.  Although these charges are not substantially different from those in the Second Superseding Indictment, this will be defendant Baldwin Ihenacho's first arraignment on any charges with his present counsel.

(See Section B below).  And, it is important for the Court to make a determination that he understands the charges against him at this juncture of the case.

      **B.**      **Prior Concerns Related to Defendant's Representation:**

Since he was arrested on this case on November 1, 2008, the defendant, Baldwin Ihenacho, has often raised issues concerning his legal representation.  During the course of these proceedings he has been represented by three different attorneys/law firms.  At his initial appearance and during early detention hearings, he was represented by Attorney Stanley Norkunas.  Arraignment on the initial Indictment that was returned on November 6, 2008, had to be postponed on several occasions due to issues raised regarding Baldwin Ihenacho's counsel and other factors set forth below.  This Defendant was finally arraigned on December 9, 2008, after he retained Attorney James Dilday to represent him.

From December 9, 2008 until January 18, 2011, the Defendant was represented by Attorney Dilday.  During that period of time, Baldwin Ihenacho was arraigned on the Superseding and Second Superseding Indictments.  On January 18, 2011, however, at the defendant's request, Attorney Dilday filed a motion to withdraw attaching a letter from the defendant citing, "an irreparable and irreconcilable breakdown" in the attorney-client relationship.  At that time, the Court appointed present counsel, Attorney David Apfel, to represent the defendant.[2]  In support of the instant Motion, the defendant submitted a waiver of arraignment signed by both himself and Attorney Apfel.  Baldwin Ihenacho, however, has had a history of raising concerns regarding his ability to communicate with or relate to whatever

---

    [2]  It is important to note that nothing in this motion in any way questions the quality of the representation of the defendant by Attorney Apfel, the accuracy of the representations made in the motion or, in the waiver of arraignment.

attorney was representing him. Thus, asking to absent himself from the arraignment to allow counsel to appear on his behalf would not be appropriate in this instance. These facts give rise to just the kind of concerns about the integrity of the process that were discussed by the Advisory Committee in their notes of caution regarding waivers under Rules 10(b).

    **C.**    **Defendant's Mental & Physical Status:**

In addition to the above concerns about counsel, over the course of the pendency of these proceedings, the defendant, Baldwin Ihenacho has, on several occasions, been unable to attend arraignments and hearings due to medical and mental status issues. During those times the arraignments were continued and, any non-evidentiary hearings were attended by prior counsel in the Defendant's absence. For example, on January 27, 2009, the parties appeared for the Initial Status Conference. Based upon some behavioral and medical issues of the Defendant at that time, he was hospitalized. At the request of Pretrial Services and the Government, the Court ordered that Baldwin Ihenacho undergo a Mental Health evaluation. This evaluation had to be complete before the proceedings regarding Baldwin Ihenacho could continue.

Although the Government does not have any current information that there are any medical or mental health issues of this nature, neither the Government nor the Court has had an opportunity to make any observations relating to the Defendant's present condition in order to form the basis for any conclusion on this issue. Under these circumstances, and noting the concerns of the Advisory Committee on just such an issue, this is a factor that weighs against the acceptance of the waiver of appearance by Baldwin Ihenacho.

    **D.**    **There is No Compelling Reason For the Defendant's Waiver Request:**

There is no compelling reason (*e.g.,* distance, health, volume of defendants to transport)

that supports the Defendant's request to waive his presence at his arraignment.  The only reason relied upon by the defendant is his own personal inconvenience.  He is being held in Plymouth Detention Facility, a short distance away from the Courthouse with travel time of approximately 1 to 1½ hours.  The travel and waiting time in the Marshal's lock-up may make for a long day but they are not sufficient to except him from the Rules of Court.

These are serious charges and the Defendant should be present in person to hear them and to enter his plea.  Rules 10 and 43 of the Federal Rules of Criminal Procedure require his presence at this important point in the criminal process.  The reasons for the Defendant's waiver request do not overcome the need for his personal appearance.  As the Advisory Committee recognized, "[w]hile it is difficult to quantify the intangible benefits and impact of requiring a defendant to be brought before a federal judicial officer in a federal courtroom, the Committee realizes that something is lost when a defendant is not required to make a personal appearance."

The Defendant, Baldwin Ihenacho, has not provided any compelling reason sufficient to except him from the Rules.  His request should be denied and he should appear in person for his arraignment on the Third Superseding Indictment.

Wherefore, for all the foregoing reasons, the United States requests the Court to deny the Motion of the defendant Baldwin Ihenacho To Waive his Presence at Arraignment.

                Respectfully submitted,
                CARMEN M. ORTIZ
                United States Attorney

By:   */s/ Mary Elizabeth Carmody*

DATE:  May 16, 2011            MARY ELIZABETH CARMODY
                                          SHELBEY D. WRIGHT
                                          Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                MARY ELIZABETH CARMODY
                                Assistant United States Attorney

Date: May 16, 2011